**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| RYAN TERREL PATTERSON,           ) | |
|                                  ) | |
|     Plaintiff,            ) | |
|                                  ) | |
| v.                               ) | Case No. 4:25-cv-00328-PLC |
|                                  ) | |
| DAVID VANDERGRIFF, *et al.*,     ) | |
|                                  ) | |
|     Defendants.           ) | |

## MEMORANDUM OPINION

This matter is before the Court upon review of the file. On December 15, 2025, the Court assessed an initial partial filing fee of $11.09 and ordered Plaintiff to pay it within 30 days. Doc. [14]. The Court cautioned Plaintiff that his failure to timely pay the initial partial filing fee may result in the dismissal of this case without further notice. *Id.* at 1. *See also In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the Prison Litigation Reform Act, the failure to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997))).

More than a month has passed since Plaintiff's deadline, but he has not paid the initial partial filing fee, sought additional time to pay, nor attempted to show that he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Thus, Plaintiff not only failed to pay the initial partial filing fee, but he also disregarded the Court's Order. This Court can dismiss an action if the Plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (explaining a district court has the power "to dismiss an action for the plaintiff's failure to comply with any court order"); *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) (same).

The Court will therefore enter an Order of Dismissal herewith dismissing this action without prejudice. Because the Court is well within its discretion to do so, *see id.*, it also will certify that an appeal from this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated this 18th day of February 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE